UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TRAVELERS, a/s/o FAIRLESS IRON &
METALS, LLC.,

        Petitioner,

    -against-                                    15 Civ. 2261 (CM)

ICDAS CELIK ENERJI TERSANE VE
ULASIM SANAYI A.S.,

        Respondent.

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/15

## MEMORANDUM ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND CONFIRMING ARBITRATION AWARD

McMahon, J.:

      Petitioner moves for confirmation of an arbitration award, in the amount of $183,677.43, plus interest at the rate of 9.0% per year from March 21, 2015 and attorneys' fees incurred in the bringing of this action. The award was handed down by a panel of the International Arbitration Tribunal of the American Arbitration Association's Centre for Dispute Resolution on February 19, 2015. Respondent has defaulted on this application.

      Petitioner suggests that the court should treat the unopposed petition to confirm an arbitration award as an unopposed motion for summary judgment, because "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F. 3d 95, 109 (2d Cir. 2006). Petitioner has filed a Notice of Motion for Summary Judgment and a Rule 56.1 Statement, and in light of the Respondent's default, all facts asserted in that statement are deemed admitted. These include: that the award was rendered, that the petition and a supporting memorandum of law were served on the attorneys who represented Respondent in the arbitration; that a copy of the Petition and the supporting memorandum of law were also served on Respondent by registered mail after Respondent's attorneys announced that they had not been retained to represent Respondent in connection with this proceeding; and that Respondent has not yet responded to the Petition.

The arbitration award is clear enough on its face and, applying the familiar standard applicable to motions for summary judgment,[1] it ought to be confirmed. The only issue that might arguably prevent the entry of judgment is personal jurisdiction over Respondent.

The law firm of Kestenbaum, Dannenberg & Klein, LLP, which represented ICDAS throughout the arbitration (beginning in 2009), has indicated that it is not representing ICDAS in this proceeding; I take that to mean that it would, if asked, take the position that it is not authorized to accept service on behalf of ICDAS. Although Petitioner obviously believes that service on the Kestenbaum firm is sufficient, it has also used the mails, specifically Registered Mail, to send a copy of the Petition, and of its summary judgment papers, to Respondent in Turkey, where it is located. I have no idea whether the documents were actually delivered as dispatched. Furthermore, it does not appear that service by Registered Mail, sent by an employee of Petitioner's law firm, meets the requirements of Fed. R. Civ. P. 4(f), which, per Fed. R. Civ. P. 4(h)(2), governs service of process on a corporation, partnership or association that cannot be served in any judicial district of the United States.

However, service by Registered Mail to Respondent's last known address in Turkey – and also on his attorney, who was his "representative" in connection with the arbitration – is sufficient, because Respondent consented, in the arbitration clause, to be bound by the Commercial Arbitration Rules of the American Arbitration Association. Those rules provide that (1) "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof" (Rule 52); and also that (2) "Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party or its representative at the last known address…in or outside the state where the arbitration is to be held……" (Rule 43(a)). The arbitration took place in New York, and the award was issued there; that is sufficient to give this court jurisdiction over the entry of judgment thereon. The Second Circuit has held that, "When a party agrees to arbitrate in a state where the Federal Arbitration Act makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. To hold otherwise would be to render the arbitration clause a nullity." *Doctor's Associates, Inc., v. Stuart*, 85 F. 3d 975, 979 (2d Cir. 1996).

---

[1] A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in his or her favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Whether any disputed issue of fact exists is for the Court to determine. *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 60 (2d Cir. 1989). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the motion for summary judgment is properly made, the burden shifts to the non-moving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

There being no genuine issue of material fact, and Petitioner being entitled to entry of judgment on the award as a matter of law, the motion for summary judgment confirming the Award is granted. The Clerk shall enter judgment in the amount of $125, 000 principal amount, together with pre-award interest of $2,969; reimbursement for Petitioner's share of the administrative fees and expenses of the arbitration in the total amount of $24,458,43, and attorney's fees in connection with the arbitration in the amount of $31,250, for a total of $183,677.43, plus interest at the New York State statutory rate (9.0%) dating from March 21, 2015, which is thirty days after transmittal of the award to the parties and running at that rate until all amounts shall have been paid in full; together with costs and attorneys' fees incurred in bringing this proceeding (but not including attorneys' fees for the time spent assembling the fee request). For purposes of the judgment for costs and attorneys' fees on this motion, the phrase "attorneys' fees" includes only the fees of licensed attorneys-at-law, not paraprofessionals or administrative staff.

The Clerk shall remove any open motions from the court's list of open motions, and close the case as soon as judgment is entered.

Dated: December 15, 2015

_____
U.S.D.J.

BY ECF TO COUNSEL FOR PETITIONER
BY FIRST CLASS MAIL TO:
    Send to both counsel and to turkey.